| STATE OF INDIANA | ) | IN THE ST. JOSEPH SUPERIOR COURT |
|---|---|---|
| | ) SS: | |
| COUNTY OF ST. JOSEPH | ) | CAUSE NO. 71D07-2207-CT-000267 |

LISA EDWARDS

VS.

HILTON MANAGEMENT LLC

**FILED**
August 24, 2022
ST. JOSEPH CIRCUIT & SUPERIOR COURT
MB

## ORDER GRANTING MOTION TO AMEND COMPLAINT BY INTERLINEATION

Comes now the plaintiff, by counsel, and files Motion to Amend Complaint by Interlineation pursuant to Trial Rule 15 and the Court being duly advised in the premises states:

IT IS THEREFORE ORDERED THAT Plaintiff's Motion to Amend Complaint by Interlineation is granted and all references to the originally named defendant, Park Hotels & Resorts Inc. d/b/a Embassy Suites by Hilton, are replaced with the proper name, Hilton Management LLC, both in the caption and in all paragraphs of the Complaint.

All other paragraphs and information contained in plaintiff's Complaint heretofore filed are adopted herein by reference, including the prayer for relief as set forth at length in plaintiff's complaint.

DATED THIS _____ DAY OF ___8/24/2022___, 2022.

_Mary Beth Bonaventura_
JUDGE



Exhibit A

-2-

DISTRIBUTE TO:

Rom Byron, #21268-49
Ken Nunn Law Office
romb@kennunn.com

Edward W. Hearn, #18691-64
Catherine Breitweiser-Hurst, #26779-45
hearne@jbltd.com
breitweiserhurstc@jbltd.com

-2-

Exhibit A

| | | | |
|---|---|---|---|
| STATE OF INDIANA | ) | IN THE ST. JOSEPH | COURT |
| | ) SS: | | |
| COUNTY OF ST. JOSEPH | ) | CAUSE NO. | 71D07-2207-CT-000267 |

LISA EDWARDS

    VS.

PARK HOTELS & RESORTS INC.
d/b/a EMBASSY SUITES BY HILTON

## COMPLAINT FOR DAMAGES

    Comes now the plaintiff, Lisa Edwards, by counsel, Ken Nunn Law Office, and for cause of action against the defendant, Park Hotels & Resorts Inc. d/b/a Embassy Suites by Hilton, alleges and says:

    1.    That on or about May 27, 2022, the plaintiff, Lisa Edwards, was a customer at the Embassy Suites hotel, located at 1140 E. Angela Blvd, in South Bend, St. Joseph County, Indiana.

    2.    That on or about May 27, 2022, the plaintiff, Lis Edwards, tripped and fell over an unmarked, dangerous, and defective curb at said location, causing plaintiff to suffer serious injuries.

    3.    That it was the duty of the defendant to use ordinary care and diligence to keep and maintain the said premises in a condition reasonably safe for its intended uses and free from all defects and conditions which would render the premises dangerous and unsafe for plaintiff, or present an unreasonable risk of harm to plaintiff in his/her lawful use of same.

    4.    That it was the duty of the defendant to exercise reasonable care to protect plaintiff, by inspection and other affirmative acts, from the danger of reasonably foreseeable injury occurring from reasonably foreseeable use of said premises.

    5.    That it was the duty of the defendant to have available sufficient personnel and equipment to properly inspect and maintain the aforesaid premises in a condition reasonably safe for plaintiff and free from defects and conditions rendering the premises unsafe.

                                                                                              Exhibit A

-2-

6.      That it was the duty of the defendant to warn plaintiff of the dangerous and unsafe condition existing on said premises.

7.      That the defendant knew or should have known of the unreasonable risk of danger to the plaintiff but failed either to discover it or to correct it after discovery.

8.      That the fall and resultant permanent injuries of plaintiff were caused by the negligence of the defendant who failed to utilize reasonable care in the inspection and maintenance of said premises.

9.      That the aforesaid acts of negligence on the part of the defendant were the proximate cause of the injuries sustained by the plaintiff.

10.      That the plaintiff has incurred medical expenses, lost wages and other special expenses, and will incur future medical expenses, lost wages and other special expenses, as a direct and proximate result of defendant's negligence.

WHEREFORE, the plaintiff demands judgment against the defendant for permanent injuries in a reasonable amount to be determined at the trial of this cause, for medical expenses, lost wages and other special expenses, for future medical expenses, lost wages and other special expenses, court costs, and all other proper relief in the premises.

KEN NUNN LAW OFFICE

BY:   *s/ Rom Byron*
        Rom Byron, #21268-49
        KEN NUNN LAW OFFICE
        104 South Franklin Road
        Bloomington, IN  47404
        Phone: (812) 332-9451
        Fax: (812) 331-5321
        E-mail: romb@kennunn.com

Exhibit A

-3-

## REQUEST FOR TRIAL BY JURY

Comes now the plaintiff, by counsel, Ken Nunn Law Office, and requests that this matter be tried by jury pursuant to Trial Rule 38.

                    KEN NUNN LAW OFFICE

BY:   *s/ Rom Byron*
         Rom Byron, #21268-49
         KEN NUNN LAW OFFICE
         104 South Franklin Road
         Bloomington, IN  47404
         Phone: (812) 332-9451
         Fax: (812) 331-5321
         E-mail: romb@kennunn.com

Rom Byron, #21268-49
Ken Nunn Law Office
104 South Franklin Road
Bloomington, IN 47404
Telephone:  812-332-9451
Fax Number:  812-331-5321
Attorney for Plaintiff

Exhibit A